IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL WILLIAMS, #113338,          :

    Plaintiff,                               :

vs.                                                  :         CIVIL ACTION 10-0363-WS-C

BILL WYNNE, *et al.*,                        :

    Defendants.                         :

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate who is proceeding *pro se* and *in forma pauperis* (Doc. 3), filed an action under 42 U.S.C. § 1983. This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), is recommended to be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff is incarcerated at J. O. Davis Correctional Facility which is located in the Southern District of Alabama. Whereas, the address given for each defendant, Bill Wynne, Robert Longshore, Velinda Weatherly, and Cynthia Dillard, is a Montgomery, Alabama, address, which is located in the Middle District of Alabama. Moreover, defendants are identified as employees of the Alabama Board of Pardons and Paroles, of which the Court takes judicial notice is situated in Montgomery, Alabama. *See United States v. Glover*, 179 F.3d 1300, 1302 n. 5 (11th Cir.1999) ("A court may take judicial notice of its own records and the

records of inferior courts."). In regard to events transpiring in this District, the complaint reveals no connection to the Southern District other than plaintiff's incarceration.[1]

A § 1983 action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action). But, when venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

In the present action, the address given for each defendant is Montgomery, Alabama, and the events giving rise to plaintiff's action appear to have occurred in the Middle District of Alabama. Thus, plaintiff's action seems to have no connection to this district. Venue is, therefore, lacking, but would be proper in the Middle District. Considering plaintiff's *pro se* status, it is recommended, in the interest of justice, that plaintiff's action be transferred to the

---

[1] The Court observes that pages 12-15 of the complaint are illegible with plaintiff's original being noted by the Clerk as being illegible. However, it does appear that the illegible document is a copy of complaint filed in state court.

United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a); *Kapordelis v. Danzig*, 387 F. App'x 905, at **1 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* transfer, pursuant to § 1406(a), of a *Bivens* action from New York to Georgia).[2]

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 4th day of August, 2011.

    s/WILLIAM E. CASSADY
    **UNITED STATES MAGISTRATE JUDGE**

---

[2] The Court notes that plaintiff previously filed an action against parole officials in *Williams v. Riley, et al.*, CA 2:09-0107-WKW-SRW (M.D. Nov. 24, 2009), which was dismissed as frivolous. Another action of his that was dismissed prior to service is *Williams v. Mothershed, et al.*, CA 92-0881-RV-S (S.D. Ala. Dec. 4, 1992) (failure to state a claim).

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).